IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOUREY NEWELL, : | | |
|            Plaintiff, : | | |
| : | | CIVIL ACTION |
| v. : | | No. 18-4183 |
| : | | |
| OPTIMA ADVOCATES, et al., : | | |
|            Defendants. : | | |
| : | | |

## JUDGMENT PURSUANT TO RULE 55(b)(2)

By order dated May 6, 2019 (ECF No. 10), I denied Plaintiff's Motion for Default Judgment against Defendants (ECF No. 9) without prejudice and ordered Plaintiff to serve Defendants with a copy of the motion by both first-class and certified mail, return receipt requested, and to file proof of such service on the docket. Plaintiff has since complied with the terms of that order and this motion is hereby **REINSTATED**.

This 12th day of July, 2019, it is **ORDERED** that Plaintiff's Motion for Default Judgment against Optima Advocates Inc., PH Marketing Group Inc., Aleevly Inc., and Essam Abdullah (ECF No. 9) is **GRANTED** as unopposed. He has attested to twenty-seven (27) violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, on the basis of nine (9) automated transmissions by Defendants to Plaintiff.

First, Plaintiff is entitled to recovery of $500 in damages for each violation of 47 U.S.C. § 227(b) which proscribes, with limited exceptions that are not at present here, automated calls and transmissions. §§ (b)(1), (b)(3). Plaintiff has attested to nine (9) such automated transmissions. He is entitled to recovery of $500 in damages for each of these transmissions, or $4,500.00.

Second, Plaintiff is entitled to recovery of $500 in damages for each violation of 47 U.S.C. § 227(c) which requires the maintenance of a do-not-call list and has a threshold requirement that a person "receive[ ] more than one telephone call within any 12-month period by or on behalf of the same entity."  § (c)(5) (as implemented in 47 C.F.R. § 64.1200(d)). Plaintiff, who was registered on the Federal Do-Not-Call list has attested to two sets of § 227(c) violations:  (1) Defendants initiated these nine calls to him without maintaining a written do-not-call list policy, available on demand, and (2) Defendants failed to honor his request not to receive calls from them.  See 47 C.F.R. § 64.1200(d)(1), (d)(3).  Plaintiff is therefore entitled to $500 for each (d)(1) and (d)(3) violation for these nine calls, or $9,000.00.

I may, in my discretion, award treble damages if I find that Defendants engaged in a willful or knowing violation of the law.  47 U.S.C. § 227(b)(3), (c)(5). Given the posture of this case and the thin record before me, I am unable to make such a finding.  I therefore **ORDER** Judgment in favor of Plaintiff Jourey Newell and against Defendants Optima Advocates Inc., PH Marketing Group Inc., Aleevly Inc., and Essam Abdullah in the amount of $13,500.00 for nine (9) calls violative of TCPA sections 227(b)(3) and (c)(5).

    /s/ Gerald Austin McHugh
United States District Judge