IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOUREY NEWELL,** : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | No. 18-4183 |
| : | |
| **OPTIMA ADVOCATES, et al.,** : | |
| Defendants. : | |
| : | |

**CORRECTED JUDGMENT PURSUANT TO RULE 55(b)(2)**

By order dated July 12, 2019 (ECF No. 12), I granted Plaintiff's Motion for Default Judgment against Optima Advocates Inc., PH Marketing Group Inc., Aleevly Inc., and Essam Abdullah (ECF No. 9) as unopposed. Plaintiff attested to thirty-six (36) violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, on the basis of nine (9) automated transmissions by Defendants to Plaintiff. The previous order incorrectly stated that Plaintiff attested to just twenty-seven (27) TCPA violations and miscalculated the damages due under that incorrect statement.

Therefore, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, this 17th day of July, 2019, it is hereby **ORDERED** that Plaintiff's Motions for Default Judgment against Defendants, remains **GRANTED**, but entitles him to $18,000.00, not $13,500.00 as the previous order stated.

First, Plaintiff is entitled to recovery of $500 in damages for each violation of 47 U.S.C. § 227(b) which proscribes, with limited exceptions that are not at present here, automated calls and transmissions. §§ (b)(1), (b)(3). Plaintiff has attested to nine (9) such automated transmissions. He is entitled to recovery of $500 in damages for each of these transmissions, or $4,500.00.

Second, Plaintiff is entitled to recovery of $500 in damages for each violation of 47 U.S.C. § 227(c), as implemented in 47 C.F.R. § 1200(c) and (d), which requires the maintenance of a do-not-call list and has a threshold requirement that a person "receive[ ] more than one telephone call within any 12-month period by or on behalf of the same entity." 47 U.S.C. 227 § (c)(5).  Plaintiff, who was registered on the Federal Do-Not-Call list, has properly attested to three sets of § 227(c) violations:  (1) Defendants initiated these nine telephone solicitations to him despite the fact that his telephone number was included in the National Do-Not-Call registry; (2) Defendants initiated these calls for marketing purposes without maintaining an internal, written do-not-call list policy, available on demand, and (3) Defendants failed to honor his request not to receive calls from them.  *See* 47 U.S.C. § 227(c)(3)(F), 47 C.F.R. § 64.1200(c)(2), (d)(1), and (d)(3).  Plaintiff is therefore entitled to $500 for each (c)(2), (d)(1), and (d)(3) violation for these nine calls, or $13,500.00.

I may, in my discretion, award treble damages if I find that Defendants engaged in a willful or knowing violation of the law.  47 U.S.C. § 227(b)(3), (c)(5). Given the posture of this case and the thin record before me, I am unable to make such a finding.  I therefore **ORDER** Judgment in favor of Plaintiff Jourey Newell and against Defendants Optima Advocates Inc., PH Marketing Group Inc., Aleevly Inc., and Essam Abdullah in the total amount of $18,000.00 for nine (9) calls violative of TCPA sections 227(b)(3) and (c)(5).

      /s/ Gerald Austin McHugh
      United States District Judge